UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

In re: ) Case No. 04-25087
)
JOEY COLLINS, ) Chapter 7
CHRISTINE COLLINS, )
   Debtors. ) Judge Arthur I. Harris
)

## MEMORANDUM OF OPINION

Before the Court is the debtors' objection to claim (Docket #33) and the creditor's response (Docket #44). At issue is a $15,000 default judgment that debtor Joey Collins's former attorney obtained against Mr. Collins for legal services. The debtors, citing Ohio law and various equitable doctrines, object to allowance of this claim. Mr. Collins's former attorney argues that the debtors' objection is a collateral attack on the judgment, which is barred by the doctrine of claim preclusion. For the reasons that follow, the debtors' objection to claim is sustained in part and overruled in part.

## FACTS AND BACKGROUND

The findings of fact contained in this memorandum reflect the Court's weighing of the evidence and credibility. "In so doing, the Court considered the witnesses' demeanor, the substance of the testimony, and the context in which the statements were made, recognizing that a transcript does not convey tone, attitude, body language or nuance of expression." *In re Parrish*, 326 B.R. 708, 711

(Bankr. N.D. Ohio 2005). Even if not specifically mentioned in this decision, the Court has considered the testimony of all the witnesses, as well as all exhibits admitted into evidence and all stipulations.

On September 24, 1998, debtor Joey Collins suffered a work-related injury while employed at Lincoln Electric Company ("Lincoln Electric"). Mr. Collins filed workers' compensation claims. Due to the severity of his injuries, Mr. Collins was unable to return to work and was discharged by Lincoln Electric. Mr. Collins retained Kenneth C. Podor to represent him on the workers' compensation claims and in a wrongful discharge suit against Lincoln Electric. Mr. Collins and Mr. Podor signed a written fee agreement regarding Mr. Podor's representation. The fee agreement provided that Mr. Podor would receive one-third of any settlement or judgment obtained in favor of Mr. Collins. On the eve of trial, Mr. Podor communicated to Mr. Collins a $57,500 settlement offer from Lincoln Electric. The case did not go to trial, and Mr. Collins discharged Mr. Podor on November 19, 2003.

Mr. Collins eventually entered into the settlement agreement that Mr. Podor had communicated to him. Mr. Podor filed suit against Mr. Collins in the Bedford Municipal Court for attorney's fees. Mr. Collins apparently failed to answer or otherwise appear in the municipal court action, and on November 24, 2004,

2

Mr. Podor obtained a default judgment against Mr. Collins in the amount of $15,000.00.

The debtors filed their Chapter 7 petition on November 26, 2004. They received a discharge on February 23, 2005. On March 9, 2005, Mr. Podor timely filed a proof of claim in the amount of $15,000.00, and the debtors objected.

The parties submitted stipulations (Docket #54), and the Court held an evidentiary hearing on the matter on October 19, 2005. At the hearing, the debtors offered testimony that Mr. Podor had misrepresented the debtors' options regarding the settlement offering. The debtors testified that Mr. Podor told them that the judge in their case was not going to hear the case; that their case was going to be dismissed; that if their case was heard they would lose; and that they would not have an opportunity to appeal any decisions of the trial court. Mr. Podor offered no testimony of his own but instead asked the Court to overrule the debtors' objection on the basis of claim preclusion. The Court invited the parties to submit supplemental briefs on the issue of claim preclusion by November 2, 2004. Mr. Podor filed a supplemental brief, and the Court is now ready to rule on the matter.

## JURISDICTION

Allowance or disallowance of a claim is a core proceeding under 28 U.S.C.

3

§ 157(b)(2)(B). The Court has jurisdiction over core proceedings under 28 U.S.C. §§ 1334 and 157(a) and Local General Order No. 84, entered on July 16, 1984, by the United States District Court for the Northern District of Ohio.

## DISCUSSION

### Claim Preclusion

"A fundamental precept of common-law adjudication, embodied in the related doctrines of collateral estoppel and res judicata, is that a 'right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction . . . cannot be disputed in a subsequent suit between the same parties or their privies . . . .'" *Montana v. United States*, 440 U.S. 147, 153 (1979) (quoting *S. Pac. R. R. Co. v. United States*, 168 U.S. 1, 48-49 (1897)). Currently referred to as claim preclusion, "[r]es judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Brown v. Felsen*, 442 U.S. 127, 131 (1979); *see also Archer v. Warner*, 538 U.S. 314, 319-20 (2003) (citing *Brown*); *Johnson's Island, Inc. v. Danbury Twp. Bd. of Trustees*, 69 Ohio St. 2d 241, 245-46, 431 N.E.2d 672, 675 (1982) (defendant who fails to raise a defense in the first action is barred from raising it in a later action). *See generally* RESTATEMENT (SECOND) OF JUDGMENTS § 18 (1982). As to the

4

preclusive effect of state court judgments in federal court, "judicial proceedings [of any state] . . . shall have the same full faith and credit in every court within the United States." 28 U.S.C. § 1738. The Supreme Court has interpreted this language to mean that a federal court must give the same preclusive effect to a state court judgment to which the judgment is entitled under that state's law of claim preclusion. *See Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 374 (1985) (citing *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 481-82 (1982)); *see also Bay Area Factors v. Calvert (In re Calvert)*, 105 F.3d 315 (6th Cir. 1997) (applying California law to a California court's default judgment). Only if an exception to section 1738 applies may a claim which is precluded in state court be relitigated in federal court. *See Marrese*, 470 U.S. at 381. A federal court must first determine whether the state court judgment would have preclusive effect under that state's law before the court can consider whether an exception to section 1738 applies. *See Marrese*, 470 U.S. at 382; *see also Rally Hill Prods. v. Bursack (In re Bursack)*, 65 F.3d 51, 54 (6th Cir. 1995). In the present case, then, the Court must first look to Ohio claim preclusion law to determine the preclusive effect of the state court judgment.

Claim preclusion has four elements in Ohio:

> (1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action.

*Corzin v. Fordu (In re Fordu)*, 201 F.3d 693, 703-04 (6th Cir. 1999); *see also Grava v. Parkman Twp.*, 73 Ohio St. 3d 379, 382, 653 N.E. 226, 229 (1995) (holding that a "valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action"). The last three elements are clearly present in this case. As to the first element, a default judgment can be a "final, valid judgment on the merits" for purposes of claim preclusion in Ohio. *See In re May*, 321 B.R. 462, 466 (Bankr. N.D. Ohio 2004); *Fed. Deposit Ins. Corp. v. Willoughby*, 19 Ohio App. 3d 51, 53-54, 482 N.E.2d 1267, 1270 (1984) ("[A] default judgment . . . is nevertheless a valid judgment on the merits."); *Zeperach v. Beaver*, 6 Ohio App. 3d 17, 19, 451 N.E.2d 1249, 1252 (1982) (noting that a default judgment can "be utilized as establishing a matter as between the parties"). At the evidentiary hearing, the debtors did not deny the validity of the municipal court judgment, nor did they challenge the municipal court's jurisdiction. Therefore, since all four elements of claim preclusion are satisfied, the Court finds that the municipal court judgment would be given preclusive effect in Ohio courts.

## 28 U.S.C. § 1738 and 11 U.S.C. § 504(b)(4)

Since Mr. Podor's judgment against the debtors would have preclusive effect in Ohio courts, the Court must consider whether an exception to section 1738 applies. As the Supreme Court stated in *Marrese*:

> [T]he more general question is whether the concerns underlying a particular grant of exclusive jurisdiction justify a finding of an implied partial repeal of § 1738. Resolution of this question will depend on the particular federal statute as well as the nature of the claim or issue involved in the subsequent federal action. Our previous decisions indicate that the primary consideration must be the intent of Congress.

470 U.S. at 386. The "particular federal statute" here is 11 U.S.C. § 502(b), which provides that if an objection to claim is made, the court shall determine the amount of the claim and shall allow the claim in that amount "except to the extent that—

> . . . .
> (4) if such claim is for services of an insider or attorney of the debtor, such claim exceeds the reasonable value of such services."

Subsection 502(b)(4) applies to all claims by attorneys for fees regardless of whether those fees are related to the filing of the petition. *See Carey v. Ernst*, __ B.R. __, 2005 WL 3018334 (S.D.N.Y. Nov. 8, 2005); *In re Gutierrez*, 309 B.R. 488, 493 (Bankr. W.D. Tex. 2004); *In re Stratton*, 299 B.R. 616, 623-24 (Bankr. D. Or. 2003); *see also* 4 COLLIER ON BANKRUPTCY ¶ 502.03[5][c][i] (15th ed. rev. 2005). Subsection 504(b)(4) also indicates that bankruptcy courts,

7

in fixing the amount of a claim for attorney's fees to be allowed, must inquire into the reasonableness of those fees irrespective of whether the claim has been reduced to a money judgment.

A leading case on the relationship between 28 U.S.C. § 1738 and 11 U.S.C. § 502 is *Kohn v. Leavitt-Berner Tanning Corp.*, 157 B.R. 523 (N.D.N.Y. 1993). The court in *Kohn* had to reconcile a lessor's claim for damages, which was supported by a state court judgment, with 11 U.S.C. § 502(b)(6), which caps a lessor's claim for damages against a debtor-lessee. The court noted the apparent conflict between section 1738 and section 502, but concluded:

> A closer examination of the language of § 502, however, permits a reading which both honors the state court judgment, and at the same time allows the bankruptcy court to fulfill the equitable purpose of the bankruptcy code. Section 502(b) requires the bankruptcy court to undertake a two-part analysis. First the court must 'determine the amount of [a creditor's] claim as of the date of the filing of the petition . . . .' In a case such as the one at bar, this means accepting as non-reviewable the amount of the claim as determined by the state court. This figure then forms the basis for the second part of the analysis, wherein the court determines how much of the claim should be allowed. Applying the principles of equity inherent in the code, the court looks behind the judgment to ascertain the relationship between the parties. When the parties stand as lessor and lessee, as in the case at bar, § 502(b)(6) applies. This subsection provides a formula to which the previously determined judgment figure is applied, resulting in a second figure – the allowable portion of the original judgment. This second figure represents Congress' view of what is equitable between a lessor and lessee in bankruptcy.

157 B.R. at 526-27; *see also Cutler v. Lindsey (In re Lindsey)*, 199 B.R. 580, 584

(E.D. Va. 1996); *In re Bus Stop, Inc.*, 3 B.R. 26 (Bankr. S.D. Fla. 1980).

The Court finds the *Kohn* analysis persuasive and adopts this analysis for subsection 502(b)(4). The Court holds that where a claim for attorney's fees is supported by a state court judgment, claim preclusion does not prevent the Court from looking behind the judgment to determine how much of the claim should be allowed under subsection 502(b)(4). Applying the *Kohn* analysis to the present case, the Court first concludes that claim preclusion bars the debtors from raising defenses that could have been made in the municipal court suit and requires the Court to accept the municipal court's judgment of $15,000 as the amount of Mr. Podor's claim "as of the date of the filing of the petition." This amount is the starting point for purposes of subsection 502(b)(4). The Court then allows the claim in that amount "except to the extent . . . such claim exceeds the reasonable value of [Mr. Podor's] services."

*"Reasonable" Attorney's Fees under the Bankruptcy Code*

The Bankruptcy Code requires bankruptcy courts to evaluate the reasonableness of attorney's fees in several circumstances. *See, e.g., Rittenhouse v. Eisen*, 404 F.3d 395, 397 (6th Cir. 2005) ("[Section 329] requires the bankruptcy court to evaluate the reasonableness of the fee agreement [between the debtor and the debtor's attorney]."); *In re Big Rivers Elec. Corp.*, 355 F.3d 415,

9

432 (6th Cir. 2004) (noting that section 330 provides that examiners, trustees, professionals employed under section 327 (including attorneys) "may receive only 'reasonable compensation' "); *Peale v. Miller*, No. 95-5681, 1996 U.S. App. LEXIS 31260 (6th Cir. Nov. 27, 1996) (unpublished) (section 502(b)(4) limits claims by an attorney to the reasonable value of the attorney's services); *see also In re Gutierrez*, 309 B.R. at 492 ("Section 502(b)(4) permits disallowance of a prepetition claim for attorney's fees if those fees are found to be unreasonable."). In the federal courts, the "lodestar" method, which multiplies a reasonable hourly rate by the number of hours reasonably expended, is the appropriate calculus for determining "reasonable compensation." *See In re Boddy*, 950 F.2d 334, 338 (6th Cir. 1991) ("[B]ankruptcy courts must expressly calculate the lodestar amount when determining reasonable attorney's fees."). Section 330, however, provides that courts shall consider "all relevant factors" in determining "reasonable compensation." *Accord In re Boddy*, 950 F.2d at 338 (noting that, in addition to the lodestar method, a court "may exercise its discretion to consider other factors such as the novelty and difficulty of the issues, the special skills of counsel, the results obtained, and whether the fee awarded is commensurate with fees for similar professional services in non-bankruptcy cases in the local area"); *see also In re Big Rivers Elec. Corp.*, 355 F.3d at 432 ("Reasonable compensation for

10

services necessarily implies loyal and disinterested service in the interest of those for whom the claimant purported to act." (quoting *Woods v. Nat'l Bank & Trust Co.*, 312 U.S. 262, 268-69 (1941)). While the several "reasonable value" or "reasonable compensation" provisions of the Code apply in different situations, the Court believes that these provisions, as well as the Sixth Circuit cases interpreting those sections, should be read to employ a consistent standard for determining the reasonableness of attorney's fees. *Cf. In re Nelson*, 206 B.R. 869, 882 (Bankr. N.D. Ohio 1997) ("Although these factors were employed to determine 'reasonable compensation' pursuant to 11 U.S.C. §§ 327 & 330, they are useful criteria to a determination of reasonable value pursuant to 11 U.S.C. § 502(b)(4)."). Thus, whether a court is determining the reasonableness of fees under section 329, section 330, or subsection 502(b)(4), the court may consider "all relevant factors," but the court's benchmark for determining the reasonableness of fees is obtained by the lodestar method.

The debtors presented Mr. Podor's itemized fee statement (Docket #55), which uses the lodestar method to value Mr. Podor's services at $10,832.50. The debtors, however, urge the Court to disallow Mr. Podor's claim in its entirety on the basis of their testimony that Mr. Podor misrepresented Joey Collins's options in his suit against Lincoln Electric. The Sixth Circuit noted in *Big Rivers* that the

11

reasonableness requirement implies loyal and disinterested service. *In re Big Rivers Elec. Corp.*, 355 F.3d at 432. Thus, misconduct by an attorney may warrant a reduction or complete denial of compensation under sections 329 and 330 or disallowance of a prepetition claim for attorney's fees under subsection 502(b)(4).

Mr. Poder argues that his claim should be allowed in the full amount of $15,000. Mr. Podor acknowledges that under Ohio law a discharged attorney who has entered into a contingency fee agreement with his former client is limited to recovery in *quantum meruit*, but notes that the fee agreement itself is one of the factors courts must consider when awarding fees. *See Reid v. Lansberry*, 68 Ohio St. 3d 570, 629 N.E.2d 431 (1994). Thus, Mr. Podor argues that $15,000 is an appropriate amount, since under the fee agreement he would have been entitled to over $19,000, or one-third of the $57,500 settlement.

Weighing the testimony of the debtors and other relevant evidence, the Court does not believe that Mr. Podor's actions warrant a complete disallowance. While allegations of misrepresentations made by an attorney to his clients are troubling, the debtors, as a result of Mr. Podor's efforts, did recover on their claim against Lincoln Electric. Indeed, they eventually accepted the very settlement agreement negotiated by Mr. Podor. *Cf. In re Nelson*, 206 B.R. at 883 (allowing $2050.69 of a $16,000 claim for attorney's fees even though the attorney had

12

misrepresented that he had filed a lawsuit when the client attempted to discharge him). The Court is also disinclined to allow Mr. Podor's claim in the full amount of $15,000. While the fee agreement may be a factor, it is but one factor. Under *Boddy*, the Court must anchor its determination of reasonable fees in the lodestar method. The Court finds that the itemized fee statement best reflects the reasonable value of Mr. Podor's services. The Court finds that the hourly rates charged by Mr. Podor and the hours worked are reasonable. Therefore, the Court allows Mr. Podor's claim in the amount of $10,832.50.

## CONCLUSION

For the foregoing reasons, the debtors' objection to the claim of creditor Kenneth Podor is sustained in part and overruled in part. Claim preclusion requires the Court to fix the amount of the claim at $15,000.00 as of the date of the filing of the debtors' petition. Pursuant to 11 U.S.C. § 502(b)(4), the Court allows Mr. Podor's claim in the amount of $10,832.50.

IT IS SO ORDERED.

Arthur I. Harris
United States Bankruptcy Judge